IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0871-WJM-MJW

BROOKSHIRE DOWNS AT HEATHERRIDGE CONDOMINIUM ASSOCIATION, INC., a Colorado corporation,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDERING PLAINTIFF TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT ENTER IN DEFENDANT'S FAVOR**

---

Plaintiff Brookshire Downs at Heatherridge Condominium Association, Inc. ("Plaintiff") sues Defendant Owners Insurance Company ("Defendant") for breach of insurance contract and unreasonable delay or denial of insurance benefits. (*See* ECF No. 1.) Currently before the Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 36), which seeks summary judgment against Defendant's second affirmative defense. That defense asserts that Plaintiff failed to file this lawsuit within a two-year limitations period established by contract. (*See* ECF No. 16 at 9.) According to Plaintiff, however, a Colorado statute nullifies that contractual limitations period, so the statutory limitations period for contract claims (three years) applies.

For the reasons explained below, the Court disagrees and therefore must deny Plaintiff's motion. In addition, the Court will order Plaintiff to show cause why summary judgment should not enter in Defendant's favor on Defendant's second affirmative

defense.

## I. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTS

The following facts are undisputed unless attributed to a party or otherwise noted.

Plaintiff represents itself to be a condominium association comprised of individual unit owners. (ECF No. 36 at 2, ¶ 1.)[1] On January 14, 2014, Defendant issued to Plaintiff an insurance policy ("Policy") that "consist[ed] of the following coverage part(s)":

---

[1] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination, particularly in exhibits.

(1) "commercial property coverage," (2) "commercial general liability coverage," and (3) "commercial crime coverage." (ECF No. 36-4 at 3.) The Policy contains the following contractual statute of limitations: "No one may bring a legal action against us under this Coverage Part [*i.e.*, the commercial property coverage] unless * * * [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (*Id.* at 108.)

The insured property is zoned for residential use, and the various individual condominium units are restricted to residential use. (ECF No. 36 at 3, ¶¶ 2–3.) Plaintiff claims that its governing documents also forbid business activities on any portion of the property. (*Id.* ¶ 4.)

Plaintiff alleges that hail and wind caused damage to Plaintiff's property on September 29, 2014. (ECF No. 1 ¶ 7.) Plaintiff further asserts that it filed a claim under the Policy in June 2015. (*Id.* ¶ 8.) Plaintiff became dissatisfied with Defendant's handling of the claim. (*Id.* ¶¶ 27–32.) Plaintiff filed this lawsuit on April 7, 2017—more than two years but less than three years from the date of the wind and hail damage. (*See* ECF No. 1.)

## III. ANALYSIS

The Court has diversity jurisdiction over this lawsuit (*see* ECF No. 1 ¶¶ 2–4), and thus applies Colorado law.[2] Colorado law sets forth a three-year statute of limitations

---

[2] The parties have not pointed the Court to any choice-of-law clause in the Policy, but both parties argue primarily from Colorado law. Federal courts sitting in diversity apply the forum state's choice of law principles. *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1143 (10th Cir. 2009). Colorado choice-of-law rules provide that an insurance contract is governed "by the law of the state with the most significant relationship to the insurance contract." *Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 808 (10th Cir. 2009). Plaintiff is a Colorado entity and the Policy insures property in Colorado. Consequently, Colorado has the most significant relationship to the Policy, and Colorado law

3

for "[a]ll contract actions." Colo. Rev. Stat. § 13-80-101(1)(a). If this limitations period applies, Plaintiff's lawsuit is timely. But, as noted, the Policy specifies a two-year period. If that limitations period applies, Plaintiff's lawsuit is untimely.

The Colorado Court of Appeals holds that a contractual limitations period may override a statutory limitations period so long as such contractual clauses are not "prohibited by statute." *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 538 (Colo. App. 2006).[3] Plaintiff claims that the Policy's two-year period is prohibited by the following statute:

> (a) Notwithstanding any provision of a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law, a homeowner may file such a suit within the period of time allowed by the applicable statute of limitations; except that this paragraph (a):
>
> (I) Does not revive a cause of action that, as of May 10, 2013 [the date the governor signed the bill enacting this subsection], has already been barred by contract; and
>
> (II) Applies only to a cause of action that, as of May 10, 2013, has not been barred by contract.
>
> (b) On and after January 1, 2014, an insurer shall not issue or renew a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law.

Colo. Rev. Stat. § 10-4-110.8(12). Plaintiff, however, argues exclusively from

---

therefore controls. *See id.*

[3] Federal courts sitting in diversity are not bound by the decisions of state intermediate appellate courts. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240–41 (10th Cir. 2003). But no party argues that the Colorado Court of Appeals reached the wrong conclusion, so the Court does not address that possibility.

4

paragraph (b), completely ignoring paragraph (a).  Plaintiff's argument runs as follows:

- "Homeowners insurance" is defined as "insurance that covers damage or loss to all types of homes."  Colo. Rev. Stat. § 10-4-110.6.
- The Policy covers damage or loss to condominiums, which are a type of "home."
- The Policy is therefore a "homeowner's insurance policy" within the meaning of paragraph (b).
- The Policy, issued after January 1, 2014, contains the sort of contractual limitations period that paragraph (b) prohibits.
- "Insurance policy clauses that are contrary to a provision of a statute are void as against public policy."  *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 100 (Colo. 1995).
- The Policy's two-year limitations period is therefore void.

(*See* ECF No. 36 at 4–5.)

In response, Defendant argues exclusively from the language of paragraph (a), completely ignoring paragraph (b).  (*See* ECF No. 41 at 3–9.)  Defendant emphasizes paragraph (a)'s authorization that "a *homeowner* may file such a suit within the period of time allowed by the applicable statute of limitations" (emphasis added), and argues that Defendant is clearly not a homeowner.  Defendant also points to *Pinewood Townhome Association, Inc. v. Auto Owners Insurance Co.*, 2017 WL 590294, at *2–3 (D. Colo. Feb. 13, 2017), in which United States District Judge Christine M. Arguello held that paragraph (a) does not govern the sort of commercial insurance policies issued to homeowners associations.

5

Plaintiff's reply emphasizes that it never argued from paragraph (a), but only from paragraph (b), which contains no similar "homeowner" qualification. (ECF No. 44 at 1–2.) In Plaintiff's view,

> the relevant inquiry [under paragraph (b)] is not whether [Plaintiff] is a homeowner. The relevant inquiry is whether the insurance policy is, or is not, 'homeowner's insurance' as that term is defined [by the statute]. Notably, the statutory definition . . . makes no reference to the term 'homeowner,' and focuses instead on the type of property insured.

(*Id.* at 4.) As for Judge Arguello's *Pinewood* decision, Plaintiff notes that Judge Arguello likewise focused on paragraph (a), not (b), so "the legal argument made in [Plaintiff's] motion is new and distinct from the arguments made in *Pinewood*." (*Id.* at 5.)

The Colorado Supreme Court has never construed paragraph (a) or (b). In these circumstances, this Court "must attempt to predict what the [Colorado Supreme Court] would do." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007) (internal quotation marks omitted). Under Colorado law, "[i]f the plain language of the statute is clear and unambiguous, [a court must] interpret the statute according to its plain meaning." *Hernandez v. People*, 176 P.3d 746, 751 (Colo. 2008). But the "whole of [an enactment] must be read and construed in context. Only by so doing can a consistent, harmonious, and sensible effect be given to all its parts." *Travelers Indem. Co. v. Barnes*, 552 P.2d 300, 303 (Colo. 1976) (internal quotation marks omitted); *see also Union Pac. R.R. Co. v. Martin*, 209 P.3d 185, 189–90 (Colo. 2009) (analyzing a statutory provision in comparison to other closely related sections and grounding its holding in the statute "construed in context").

Paragraphs (a) and (b) comprise subsection (12) of § 10-4-110.8. Subsection (12) was added to § 10-4-110.8 by the Homeowner's Insurance Reform Act of 2013.

6

*See* 2013 Colo. Legis. Serv. ch. 183, § 2 (H.B. 13-1225). That same act also added subsections (6)–(11), and added paragraphs (a), (c), (d), (f), and (g) to subsection (3). Those added subsections and paragraphs focus heavily on types of coverage that make sense within a traditional homeowner's policy, but make little sense in the context of commercial policies issued to HOAs. For example, under the amended statute, insurers offering replacement-cost homeowner's policies must now offer "additional living expense coverage," which covers the cost of, among other things, "the time required to move the policyholder's household to a new location." Colo. Rev. Stat. § 10-4-110.8(3)(a) & (6)(b). Obviously an HOA does not have a household to move.

As another example, the amended statute establishes special procedures for "the insurer" and "the policyholder" when facing "a total loss of the contents of an owner-occupied primary residence that was furnished at the time of loss." *Id.* § 10-4-110.8(11). An HOA does not occupy or furnish any primary residence for itself.

These provisions suggest that the Legislature aimed its reforms at homeowner's insurance issued to homeowners. Stated somewhat differently, the Legislature likely would not have enacted the Homeowner's Insurance Reform Act of 2013 in its present form if it understood how a party might construe the statutory definition of "homeowners insurance," *see* Colo. Rev. Stat. § 10-4-110.6 ("insurance that covers damage or loss to all types of homes"), to apply to the sorts of commercial policies issued to HOAs, because the amendments, as written, create absurdities when applied to HOAs. *Cf. State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000) ("in construing a statute, we must seek to avoid an interpretation that leads to an absurd result").

Additionally, the Court is skeptical of Plaintiff's argument that paragraphs (a) and

7

(b) of subsection (12) can be interpreted separately, as if each exists in a vacuum.

Again, subsection (12) reads in full as follows:

> (a) Notwithstanding any provision of a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law, a homeowner may file such a suit within the period of time allowed by the applicable statute of limitations; except that this paragraph (a):
>
>> (I) Does not revive a cause of action that, as of May 10, 2013, has already been barred by contract; and
>>
>> (II) Applies only to a cause of action that, as of May 10, 2013, has not been barred by contract.
>
> (b) On and after January 1, 2014, an insurer shall not issue or renew a homeowner's insurance policy that requires the policyholder to file suit against the insurer, in the case of any dispute, within a period of time that is shorter than required by the applicable statute of limitations provided by law.

Colo. Rev. Stat. § 10-4-110.8(12). In the Court's view, paragraphs (a) and (b) are complementary, not independent. Paragraph (a) is directed at homeowners, giving them immediate relief from shortened contractual limitations periods so long as the cause of action had not yet expired under the terms of the relevant policy. Paragraph (b) is directed at insurers, giving them time to remove shortened limitations periods from their policy templates. Paragraph (b) then prohibits the inclusion of such limitations periods, likely to prevent insurance companies from continuing to include such provisions as a deceptive means of discouraging policyholders from suing.

In any event, paragraph (a) gives explicit relief to "homeowner[s]." Under Plaintiff's interpretation, paragraph (b) gives *the same relief* to any *other* person or entity who might be deemed to be the holder of a homeowner's insurance policy, except such

8

relief comes *only by implication*—because insurance policy clauses that conflict with a statute are void. The Court can divine no sensible reason why the Legislature would structure subsection (12) in this way, granting relief explicitly to one group of persons and then only implicitly to another. It is far more sensible to presume that the Legislature used "policyholder" as a synonym for "homeowner holding a homeowner's policy."

In a closely related vein, Plaintiff's assumption that the Legislature carefully chose between the words "policyholder" and "homeowner" reveals an argument *against* Plaintiff's position. Paragraph (a) begins by speaking about "the policyholder" and then authorizes "a homeowner" to file a suit within the statutory limitations period, regardless of a shorter contractual period. If the Legislature meant to distinguish between "policyholder" and "homeowner," then paragraph (a) must be read to mean that, among all holders of homeowner's policies, only those who are actually homeowners are relieved from shortened contractual limitations periods. But, according to Plaintiff, paragraph (b) then gives to all "policyholder[s]" what paragraph (a) withheld—thus making nonsense of the supposedly strict distinction between "policyholder" and "homeowner" in subsection (12).

For all of these reasons, the Court predicts that the Colorado Supreme Court would reject Plaintiff's interpretation of paragraph (b), and instead hold that the Legislature used "policyholder" and "homeowner" synonymously throughout subsection (12). Thus, paragraph (b) does not nullify the Policy's two-year contractual limitations period.

In the current procedural posture, however, the Court cannot say more than that.

Plaintiff brought the motion under consideration to establish that Defendant's affirmative defense must fail.  Defendant has not cross-moved for judgment as a matter of law that its affirmative defense must succeed.  But the undisputed facts appear to show that Defendant is entitled to such relief, so the Court will order the Plaintiff to show cause why summary judgment should not enter in Defendant's favor.

## IV.  CONCLUSION

For the reasons explained below, the Court ORDERS as follows:

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 36);

2. This matter REMAINS SET for a Final Trial Preparation Conference on August 31, 2018, at 10:30 AM, and a 5-day jury trial beginning on September 17, 2018, at 8:30 AM, both in Courtroom A801; and

3. Pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court hereby gives Plaintiff notice that it is considering summary judgment in Defendant's favor on Defendant's second affirmative defense.  Plaintiff is therefore ORDERED TO SHOW CAUSE, on or before **August 15, 2018**, why the Court should not enter summary judgment in Defendant's favor for the reasons stated in this Order.  Alternatively, Plaintiff may file by that same date a stipulation of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii), a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2), or a stipulated notice of settlement in compliance with WJM Revised Practice Standard IV.C.2.

Dated this 31st day of July, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge