IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-0871-WJM-NRN

BROOKSHIRE DOWNS AT HEATHERRIDGE CONDOMINIUM ASSOCIATION, INC., a Colorado corporation,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, a foreign corporation,

    Defendant.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

Plaintiff Brookshire Downs at Heatherridge Condominium Association, Inc. ("Plaintiff") sues Defendant Owners Insurance Company ("Defendant") for breach of insurance contract and unreasonable delay or denial of insurance benefits under Colorado Revised Statutes §§ 10-3-1115 and -1116. (*See* ECF No. 1.) By way of a summary judgment motion filed by Plaintiff, the parties previously presented to the Court a potentially dispositive legal issue. Specifically, the insurance policy in question states that lawsuits seeking coverage (*i.e.*, breach of contract) must be brought within two years from the date of loss. *See Brookshire Downs at Heatherridge Condo. Ass'n, Inc. v. Owners Ins. Co.*, 324 F. Supp. 3d 1201, 1203 (D. Colo. 2018) (ECF No. 71) ("*Brookshire I*"). But the loss at issue here, hail damage, occurred on September 29, 2014, and Plaintiff did not file suit until April 7, 2017. *Id.* Given this, Defendant asserted in its second affirmative defense that the contractual statute of limitations had expired. (*See* ECF No. 16 at 9, ¶ 2.) Plaintiff then moved for summary judgment that this

affirmative defense fails as a matter of law in light of a Colorado statute that invalidates such contractual limitations periods in "homeowners" insurance policies. (*See* ECF No. 36.)

The Court denied Plaintiff's motion, holding that Plaintiff's insurance policy was not a "homeowners" policy within the meaning of the statute. *Brookshire Downs*, 324 F. Supp. 3d at 1203–06. Thus, it appeared that this lawsuit should be dismissed as untimely. But Defendant had not cross-moved for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(f), the Court ordered Plaintiff to show cause why summary judgment should not enter in Defendant's favor. *Id.* at 1206–07.

Plaintiff responded with what was, for the most part, a veiled summary judgment motion. (ECF No. 77.) Plaintiff asserted Colorado's "reasonable expectations doctrine" (discussed below) as an alternative basis for disregarding the contractual statute of limitations, and also argued that its statutory unreasonable delay/denial claim could go forward regardless. The Court then entered an order construing Plaintiff's submission as a second summary judgment motion and agreeing to entertain it as such in the interest of justice. (ECF No. 79.)

The Court resolved Plaintiff's as-construed second summary judgment motion by holding that the reasonable expectations doctrine did not overcome the contractual statute of limitations, and therefore Plaintiff's breach of contract claim fails as a matter of law. *Brookshire Downs at Heatherridge Condo. Ass'n, Inc. v. Owners Ins. Co.*, 2019 WL 764480, at *5–8 (D. Colo. Feb. 21, 2019) (ECF No. 89) ("*Brookshire II*"). As for the alleged independence of Plaintiff's statutory unreasonable delay/denial claim, the parties agreed that it could go forward subject to its own statute of limitations, which had

not expired by the time this lawsuit was filed. *See id.* at *8. The Court noted its surprise at the parties' agreement on this matter because the Court usually holds that unreasonable delay/denial claims are derivative of successful breach of insurance contract claims, which no longer exists in this case. *Id.* The Court accordingly called for supplemental briefing to better understand the parties' positions about litigating and unreasonable delay/denial claim not tethered to a viable breach of contract claim. (ECF No. 90.)

The Court has received and reviewed the parties' supplemental briefs on this matter. (ECF Nos. 91–92.) The parties' cited authorities, and the Court's own research, convince the Court of two things. First, if a claim for breach of insurance contract fails on its merits, then a claim for statutory unreasonable denial of insurance benefits likewise fails. *See, e.g.*, *Am. Family Mut. Ins. Co. v. Hansen*, 375 P.3d 115, 122 (Colo. 2016).[1] Second, it is a question of first impression whether statutory unreasonable delay/denial may go forward if the claim for breach of insurance contract fails solely on timeliness grounds. The Court must therefore predict what the Colorado Supreme Court would rule if presented with the question in the context of this lawsuit. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007). For the following reasons, the Court predicts that the Colorado Supreme Court would agree with Plaintiff that its statutory unreasonable delay/denial claim may go forward.

---

[1] Theoretically an unreasonable delay claim could be viable independent of a breach of contract claim—*e.g.*, where the insurer has paid the policy limits but only after an inordinate amount of time. Under such a scenario, it would seem to be no basis for claiming breach of contract because the insurer cannot be required, under the contract, to pay more than the policy limits. But the question of unreasonable delay might remain, as suggested by the Colorado Supreme Court's recent *Barriga* decision, discussed below. The Court need not resolve this question at this time.

3

Colorado Revised Statutes §§ 10-3-1115 and -1116 create a separate cause of action—separate from breach of contract, that is—whose triggering event is an allegedly unreasonable delay or denial of insurance benefits. The Colorado Supreme Court confirms that actions under the statute may proceed independent of a claim for breach of contract, but a party that does not bring a breach of contract claim cannot recover as much as a party who brings both types of claims. *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018). Moreover, the Colorado Supreme Court gives §§ 10-3-1115 and -1116 every benefit of the doubt in favor of the cause of action and its remedies. *See Guarantee Tr. Life Ins. Co. v. Estate of Casper*, 418 P.3d 1163 (Colo. 2018); *Rooftop Restoration, Inc. v. Am. Family Mut. Ins. Co.*, 418 P.3d 1173 (Colo. 2018); *Barriga*, *supra*.

Accordingly, the Court predicts that the Colorado Supreme Court would hold that a time-barred breach of contract claim does not foreclose a timely statutory unreasonable delay/denial claim. To establish the "covered benefit" (a requirement for calculating damages under the statute) when alleging unreasonable *denial*, the plaintiff may need to put on a case materially indistinguishable from a breach of contract claim, but only as an element of establishing that the benefit is indeed "covered." To establish the "covered benefit" when alleging unreasonable delay, the evidence is simply the amount that the plaintiff eventually received but believes should have been paid earlier. In both cases, there must be evidence that the denial or delay was "without a reasonable basis." Colo. Rev. Stat. § 10-3-1115(2).

Accordingly, the Court DISCHARGES its Order to Show Cause (ECF No. 71 at 10) as to Plaintiff's claim for unreasonable delay/denial of insurance benefits under

Colorado Revised Statutes §§ 10-3-1115 and -1116. By separate order, the Court will resolve the parties' remaining pretrial motions, and reset this case for trial.

Dated this 15th day of March, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge